[Civ. No. 9466. Second Appellate District, Division Two.—March 26, 1935.]

ROBERT M. ALLAN, Jr., Respondent, v. SOUTHWEST FINANCE COMPANY OF CALIFORNIA (a Corporation), Appellant.

Black, Hammack & McWilliams for Appellant.

Irvin C. Louis, H. B. Pool and Jessie Torrance for Respondent.

SCOTT, J., *pro tem.*—Plaintiff recovered judgment on a promissory note against defendant, from which the latter appeals.

The father of plaintiff, who was the payee of the note and who made the assignment for collection, was engaged in the insurance business as stockholder in a corporation known as Allan-MacMaster Company. He sold his common and preferred stock in said company to one Stearns, apparently acting at least in part for appellant corporation, for a consideration which was part cash, some shares of stock in appellant corporation and a promissory note for $5,000.. The latter was not paid, and upon suit being brought judgment was rendered in behalf of this plaintiff for that amount. It is appellant's claim that the trial court's findings adverse to various defenses and a cross-complaint were not warranted and should not be sustained.

Coincident with the sale of stock above described a contract was entered into between Allan senior (plaintiff's assignor), Stearns and appellant, by which Allan represented and guaranteed that the liabilities of his insurance

company other than current items were all shown by the audit made about two months prior thereto. On such audit there did not appear an item of $150 fee for the auditor and a contingent liability arising out of a note for $7,500 signed by said insurance company and secured by a mortgage on some real property which had been sold by it subject to such mortgage. As to the auditor's fee, the finding of the trial court that it was merely a current account is obviously correct. The court further found that the note for $7,500 was secured by a mortgage on real property worth at all times not less than $11,000 and "that it is not true that Southwest Finance Company of California, a corporation, T. L. Stearns or Allan-MacMaster Co., a corporation, have suffered any damage through said liabilities", and that appellant "offered no evidence to prove or indicate that said Southwest Finance Company of California, a corporation, and/or Allan-MacMaster Co., a corporation, had suffered any damage by virtue of either of said obligations". Appellant had not directed our attention to any evidence which would effectively controvert such finding or justify any reduction of the judgment on that ground.

It is next urged that an offset for $10,000 should have been allowed. Allan had assumed liability for one-quarter of that amount on a note payable to said insurance company which had later come into the hands of appellant, but appellant in writing had agreed to repay to Allan any amount he might be required to pay out on account of said note. It could scarcely complain when the trial court held that since it was liable to reimburse him at once for any sum he might have to pay out toward meeting that note, it could not interpose such an obligation as an offset to the note which was the basis of plaintiff's complaint in this case.

An effort was made by appellant to show a breach by Allan of the contract above referred to, which he signed when he sold the stock. It included an agreement not to engage in the insurance business directly or indirectly and to comport himself in such a manner that detriment to appellant would not ensue. The findings of the trial court are expressly adverse to each contention of appellant, are supported by competent and persuasive evidence and themselves fully support the judgment. An analysis of the evidence

shows that the imputations of bad faith and misconduct are not supported. The first assertion is that Allan engaged in the insurance business and interfered with appellant's successful dealing with the clientele of the insurance company. In connection with this point it was established that this plaintiff, a law student, was personally and financially interested in an insurance service corporation which had sold perhaps half a dozen insurance policies, none of which was shown to have been sold to a patron of the insurance company or Allan senior; and it was further testified that the latter had been seen around the office of such corporation and had manifested some interest in his son's affairs. ■ The second assertion is that Allan damaged appellant by encouraging certain stockholders in the Allan-MacMaster Company to file suits against appellant for alleged conduct on the part of officers of appellant corporation with reference to certain of the insurance company's assets, which conduct, it was thought, would have caused the remaining stock of the latter company to become valueless, and that such suits were later dismissed. The contract contained no provision which would preclude Allan from giving what the trial court may have construed to be reasonable and timely advice to assist friends' and clients who had bought stock in his company in reliance on his personal interest, and whom he considered to be financially imperiled by reason of some apparent indiscretion of appellant. From a showing that Allan's wife was still heavily interested financially in his former company, an inference might be drawn that he was likewise justified on her account in seeking to safeguard its assets.

■ A final suggestion is made that plaintiff should not have been awarded judgment because he held the note by assignment for collection. Such a course is proper even though the instrument sued on is nonnegotiable on its face. (*Greig* v. *Riordan,* 99 Cal. 316 [33 Pac. 913].) The rights of appellant were fully safeguarded as to defense or counterclaim (Code Civ. Proc., secs. 368, 440), and no prejudice arose from such assignment. (See 3 Cal. Jur. 295.)

Judgment affirmed.

Stephens, P. J., and Crail, J., concurred.